IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun Rice

Civil Action No. 08-cv-00874-RPM-GJR

ELAINE L. CHAO, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

FOREMOST RESPONSE, INC., and
JERALD SUTTON, individually,

    Defendants.

---

FINDINGS OF FACT, CONCLUSIONS and RECOMMENDATION

---

    This matter came on for hearing in open court in Grand Junction, Colorado on May 27, 2008 before Magistrate Judge Gudrun J. Rice. Ms. Katherine Vigil, Senior Trial Attorney, Office of the Solicitor, appeared for the Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor. Defendant Jerald Sutton appeared in person and represented by Mr. Michael J. Grattan, III, attorney for Defendants.

    The matter comes before the Magistrate Judge pursuant to an Order of Reference (docket # 3) entered on April 29, 2008 by the Honorable Richard P. Matsch, Senior District Judge and an Order of Reference to Magistrate Judge to Conduct Hearing on Proposed Consent Injunction (docket # 4) issued by the Honorable Judge Matsch on April 30, 2008.

Based on the testimony of Defendant Jerald Sutton, the statements of counsel, and the entire court file, of which I take judicial notice, I enter the following Findings of Fact, Conclusions and Recommendation.

**FINDINGS OF FACT**

Defendant Foremost Response, Inc., a Colorado corporation, is located in Grand Junction, Colorado, within the jurisdiction of this Court.

Defendant Jerald Sutton is the president and owner and sole officer of Foremost Response, Inc., with full unrestricted authority to bind the corporation.

In June 2007, Defendant Foremost Response, Inc. was investigated by agents of the Wage and Hour Division of the Department of Labor.

Defendant Jerald Sutton, as the president and owner of the corporation, became aware of the investigation. Defendant Jerald Sutton subsequently entered into settlement negotiations with the Department of Labor. Jerald Sutton and Foremost Response, Inc. were represented in the settlement negotiations by Michael J. Grattan, III, attorney at law.

With the knowledge and consent of the Defendants, the Department of Labor, on April 29, 2008, filed a Complaint (docket # 1) to enjoin the Defendants from violating the provisions of §§ 7, 11(c), 15 (a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201-219), hereinafter called the "FLSA," and to enjoin the continued withholding by the Defendants of unpaid overtime compensation due employees under the FLSA.

On April 29, 2008, a pleading entitled "Consent Injunction" (docket # 2) was filed with the Court. The Consent Injunction contains the representation, at page 1 of 4, that the Defendants "agree to the entry of this injunction without contest." The Consent Injunction, at page 4 of 4, appeared to bear the signature of Jerald Sutton, signing individually and on behalf of Foremost Response, Inc.

I find that Defendant Jerald Sutton, as the sole officer and president and owner of Foremost Response, Inc., had in April 2008, and continues to have through the present, authority to act on behalf of the corporation Foremost Response, Inc. and to bind the corporation.

I find that Defendant Jerald Sutton, individually, and on behalf of Foremost Response, Inc., consented to and signed the proposed Consent Injunction filed with the court on April 29, 2008.

I find that Defendant Jerald Sutton, before consenting to and signing the Consent Injunction, reviewed and discussed the Consent Injunction with his attorney Mr. Grattan. I further find that Defendant Jerald Sutton fully understands the terms of the Consent Injunction.

I further find that Defendant Jerald Sutton, individually, and on behalf of the corporation, entered into the Consent Injunction freely and voluntarily.

I find that Defendant Jerald Sutton has been fully informed of his obligations under the Consent Injunction and individually, and on behalf of the corporation, freely and voluntarily accepts Defendants' obligations under the Consent Injunction.

I find that Defendant Jerald Sutton understands that if the Consent Injunction is made an Order of the Court, the Defendants will be obligated to pay $85,000.00 in unpaid overtime compensation plus interest in the amount of $1,335.48, for a total due of $86,335.48 covering the time period from June 1, 2005 to the present time.

I find that Defendant Jerald Sutton understands that payment under the Consent Injunction, if made an Order of the Court, will be due in four (4) quarterly installments.

The parties agree and request that the terms of the Consent Injunction be modified to provide that payments will be due on July 1, 2008, November 1, 2008, February 1, 2009 and May 1, 2009, rather than on the dates set forth in the original Consent Injunction (docket # 2) filed with the Court on April 29, 2008.

Finally, I find that Defendant Jerald Sutton fully understands and accepts not only his monetary obligations but all other obligations set forth in the proposed Consent Injunction filed with the Court on April 29, 2008.

## CONCLUSIONS

I therefore conclude that Jerald Sutton has the authority to act on behalf of the corporation Foremost Response, Inc. and the authority to bind the corporation to the obligations, both monetary and otherwise , set forth in the Consent Injunction.  I further conclude that Defendant Jerald Sutton has been fully informed with respect to his obligations under the Consent Injunction, individually, and on behalf of the corporation and that Defendant Jerald Sutton, individually, and on behalf of the corporation, accepts

4

the Defendants' obligations and enters into the Consent Injunction freely and voluntarily. I conclude that the Defendants agree to the entry of the injunction without contest.

## RECOMMENDATION

I recommend, based on the Findings of Fact and Conclusions set forth above, that the Consent Injunction filed with the Court on April 29, 2008 (docket # 2) and signed by and consented to by Jerald Sutton, individually, and on behalf of Foremost Response, Inc., by Michael Grattan, III, attorney for Defendants; and by Katherine Vigil, attorney for Plaintiff, be made an Order of this Court and that the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of the injunction, be permanently enjoined and restrained from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201 *et seq.*) as set forth in the Consent Injunction filed with the Court on April 29, 2008.

I further recommend that the Consent Injunction filed with the Court on April 29, 2008 be amended to provide that first payment due under the terms of the Consent Injunction shall become due by July 1, 2008 in the amount to $21,250.00, and that the next three installment payments, in the amount of $21,695.16 each, shall be due by November 1, 2008, February 1, 2009 and May 1, 2009, as set forth in the amended Consent Injunction, attached hereto as exhibit A.

5

Dated this 29th day of May, 2008.

                                        BY THE COURT:

                                        s/ Gudrun J. Rice
                                        _____
                                        Gudrun J. Rice
                                        U.S. Magistrate Judge