FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

'P 02 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, )<br>UNITED STATES DEPARTMENT OF LABOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOREMOST RESPONSE, INC., and )<br>JERALD SUTTON, individually )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>08-CV-00874-RPM-GJR |

## CONSENT INJUNCTION

Plaintiff having filed her complaint, Defendants hereby withdraw their answer and agree to the entry of this injunction without contest.

It is, therefore, upon motion of counsel for the plaintiff, and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this injunction be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201 et seq.), hereinafter called the FLSA, in any of the following manners:

Defendants shall not, contrary to sections 7 and 15(a)(2) of the FLSA, employ any employees in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours without compensating such non-exempt employees for

1

their employment in excess of forty (40) hours per workweek at rates not less than one and one-half times the regular rates at which they are employed.

II

Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve adequate and accurate records of its employees, and of the wages, hours, and other conditions and practices of employment maintained by Defendants as prescribed by the regulations issued and from time to time amended pursuant to section 1(c) of the FLSA (29 C.F.R. Part 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

III

A. Defendants are hereby restrained from continuing to withhold the sum of $85,000.00 in unpaid overtime compensation due their employees, plus interest computed at the rate of 5% per annum, $1,335.48, for a total of $86,335.48 covering the time period from June 1, 2005, to the present time.

B. Defendants shall pay these wages by issuing four (4) quarterly installment payments. The first payment, due July 1, 2008, shall be in the amount of $21,250.00. A cashier's check in that amount, made payable to U.S. Dept. of Labor–Wage-Hour, shall be sent to Wage-Hour Regional Office, 525 So. Griffin St., Suite 800, Dallas, Texas 75202. The next

three installment payments, in the amount of $21,695.16, each shall be due on the 1st day of November 1, 2008, February 1, 2009 and May 1, 2009. Defendants shall mail **cashier's checks in those amounts to the above stated address.**

C. If any installment payment is more than five (5) days late, Defendants will be in default. Any defaulted balance shall be subject to the assessment of interest and penalty interest rates, and collection costs, as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134).

D. At the time of the first installment payment Defendants shall also furnish the **social security numbers of their employees.** Upon receipt of the back wages, Plaintiff will compute the tax deductions, consisting of federal income tax withholding (to be deducted at the lump sum rate of 28%) and the employee's share of the social security (F.I.C.A.) tax, provide an itemization thereof, and distribute the monies to the employees or their legal representatives as their interests may appear. Defendants acknowledge that they are separately and additionally responsible for the employer's share of the social security (F.I.C.A.) tax with regard to each **employee.**

E. Plaintiff agrees that she will bring no other claims against Defendants for the payment of back wages, pursuant to the FLSA, for the time periods described in paragraph III **A, above**

F. Upon timely receipt of all the back wages from Defendants, as aforesaid, Plaintiff shall file a certificate with the Clerk that said check has been received. Any sums which cannot be distributed to the employees, or to their personal representatives because of the inability of either Plaintiff or Defendants to locate the proper persons or because of any person's refusal to accept payment, shall be deposited by the Plaintiff in a special deposit account to be paid to the

rightful employee. If such sums are not claimed by the employee (or a personal representative of the employee) within three years, Plaintiff shall deposit them into the United States Treasury as miscellaneous receipts.

Each party hereby agrees to bear its own costs, fees, and expenses incurred in connection with any stage of this proceeding.

Dated this 2nd day of June, 2008.

BY THE COURT:

_____
United States District Judge

Entry of the foregoing injunction is hereby consented to:

_____
Jerald Sutton, individually, and on
 behalf of Foremost Response, Inc.
3070 I-70 Business Loop, Bldg. 4
Grand Junction, CO 81504

Dated:_____

_____
Michael J. Grattan, III
Michael J. Grattan, III, P.C
109 West Kennedy Avenue,
Grand Junction, CO 81505

Dated: _____

Attorneys for Defendants

Gregory F. Jacob
Solicitor of Labor

Michael A. Stabler
Regional Solicitor

John Rainwater
Acting Associate Regional Solicitor

_____
Katherine Vigil
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
1999 Broadway, Suite 1600
Denver, CO 80202-5710

Attorneys for Plaintiffs

| From: | "Vigil, Katherine - SOL" <Vigil.Katherine@DOL.GOV> |
|---|---|
| Recipients: | <matsch_chambers@cod.uscourts.gov>, <michael@gjlawyer.com> |
| Subject: | RE: Chao v. Foremost Response Inc. Case No. 08-cv-00874, Consent Injunction |
| Date: | 11:28:28 AM Today |

Dear Judge Matsch

Pursuant to your Order dated today to submit an order for injunction relief, please find attached a pdf version of the Consent Injunction in this case, signed by all parties, and a Word version of the Consent Injunction.

Katie Vigil


Katherine Vigil
U.S. Dept. of Labor -SOL/Den
303-844-1757

This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this e-mail in error, please notify the sender immediately

 

foremostresponse.consentinjunction.pdf   foremostresponse.consentinjunction.doc

Dated this _____ day of _____, 2008

BY THE COURT:

_____
United States District Judge

Entry of the foregoing injunction is hereby consented to

*[signature]*
Jerald Sutton, individually, and on
behalf of Foremost Response, Inc
3070 I-70 Business Loop, Bldg. 4
Grand Junction, CO 81504

Dated: *[signature]*

*[signature]*
Michael J. Grattan, III
Michael J. Grattan, III, P.C
109 West Kennedy Avenue,
Grand Junction, CO 81505

Dated: 4/23/08

Attorneys for Defendants

Gregory F. Jacob
Solicitor of Labor

Michael A. Stabler
Regional Solicitor

John Rainwater
Acting Associate Regional Solicitor

*[signature]*
Katherine Vigil
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
1999 Broadway, Suite 1600
Denver, CO 80202-5710

Attorneys for Plaintiffs

4