IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-CV-00874-RPM-MEH

HILDA SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR

     Petitioner,

v.

FOREMOST RESPONSE, INC. and
JERALD SUTTON, individually

     Respondents.

---

### STIPULATED PROTECTIVE ORDER

---

In furtherance of ongoing settlement discussions in this case and upon a showing of good cause in support of the entry of a protective order to protect the dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party or person participating in settlement discussions in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents and information exchanged as a part of settlement discussions in this case.

    2.    As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that implicates the proprietary, competitive, personal, and business interests of the parties involved in the litigation. CONFIDENTIAL information shall not be disclosed or used for any purpose except as a part of, or in connection with, settlement discussions in this action.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. attorneys actively working on this case and persons employed in the firms of such attorneys;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by such attorneys;

    c. the parties;

    d. the Court and its employees; and

    e. other persons by written agreement of the parties.

5. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL" or by designating them as CONFIDENTIAL in correspondence from the party designating such documents as CONFIDENTIAL. The first method is to be used whenever possible when the party producing the documents is also the party which designates them CONFIDENTIAL.

6. Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

        a.      operate as an admission by any party that any particular material contains or reflects any CONFIDENTIAL information under applicable law;

        b.      prejudice in any way the rights of any party to object to the production of documents it considers not otherwise protected on the basis of privilege or otherwise;

        c.      prejudice in any way the rights of a party to seek a determination from the Court regarding whether particular materials should be produced; or

        d.      prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

    7.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as

8.     The following stipulations and procedures will govern the inadvertent disclosure of materials protected by the attorney-client privilege, work product doctrine, or other privilege or immunity:

a.     In the event any documents are produced that the producing party later reasonably and in good faith claims are protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the producing party shall inform the receiving party in writing of the asserted privilege and the factual basis therefor.  The receiving party shall, within five (5) business days of receipt of such notice, return the original to the producing party, and after making a good faith search, destroy all known copies thereof and delete any known copy of the documents, or any portion thereof, from any word processing or database tape or disk it maintains.  The receiving party also agrees to delete or destroy any additional copies of such documents of which it might become aware in the future.  The receiving party will in no manner examine the documents over which privilege is asserted after receiving notice of the asserted privilege.

b.     If during the receiving party's review of documents from the producing party, the receiving party discovers a document that appears on its face to be protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the receiving party shall, within two (2) business days, call the attention of the producing party to the document(s).  If the producing party claims a privilege over the documents, it must give the

    c. Inadvertent production of privileged, work product protected, or immune documents in this action shall not constitute a waiver of any privilege, work product protection, or immunity, either as to the produced document or as to any other documents or communications.

    d. Return of information for which the producing party has asserted a claim of privilege, work product protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the information on the ground that the claimed privilege, work product protection, or immunity is invalid; provided, however, that mere production of the information in the course of this action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

    e. If a document is identified as protected by the attorney-client privilege, work product doctrine, or other privilege in accordance with subparagraphs (a) and/or (b) above, the receiving party shall not make any use of the document or its contents, including, without limitation, as part of any publicly available court filing, and shall hold it in the strictest of confidence, unless and until the Court directs the production of the information as provided for in subparagraph (d) above.

  9. At the conclusion of this case, including any appeals or the expiration of time for initiating an appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL or the parties may elect to destroy CONFIDENTIAL documents;

10. This Stipulated Protective Order may be modified by written agreement of the parties or by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: January 4, 2012

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| *s/Lydia A. Tzagoloff* | *s/Brett C. Painter* |
| Lydia A. Tzagoloff | Brett C. Painter |
| Trial Attorney | Davis Graham & Stubbs LLP |
| U.S. Department of Labor | 1550 17th Street, Suite 500 |
| Office of the Solicitor | Denver, Colorado 80202 |
| 1999 Broadway, Suite 1600 | Telephone: (303) 892-9400 |
| Denver, CO 80202-5710 | Facsimile: (303) 893-1379 |
| Telephone: (303) 844-1745/1751 | E-mail: brett.painter@dgslaw.com |
| Facsimile: (303) 844-1753 | |
| Email: Tzagoloff.lydia@dol.gov | Attorneys for Respondents |
| | Foremost Response, Inc. and |
| Attorney for Petitioner | Jerald Sutton |
| Hilda Solis, Secretary of Labor, | |
| United States Department of Labor | |

7

The foregoing Stipulated Protective Order is APPROVED and made an ORDER of this Court this 4th day of January, 2012.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge